UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ROBERT PETERSON,

    Plaintiff,

                                                                                                    Civil No. 06-13415
                                                                                 Hon. John Feikens

    v.

CITY OF DETROIT,

    Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING CLAIMS PURSUANT TO 28 U.S.C. §1915(e)(2)(B)(ii)**

    Plaintiff, who does not have counsel, filed a complaint and application to proceed without prepayment of fees on July 11, 2006. On the basis of those filings, I GRANT Plaintiff's application to proceed *in forma pauperis*. See 28 U.S.C. §1915(a)(1).

    Pursuant to 28 U.S.C. §115(e)(2)(B), this court is authorized to dismiss Plaintiff's claims upon determining that the claimant fails to state a claim on which relief may be granted. Plaintiff argues that Detroit's new solid waste fee is actually an unconstitutional tax. Reading the Complaint in light most favorable to Plaintiff, the most likely cause of action would be a state court action, brought under the theory that this fee is actually a tax for the general benefit and therefore could not have been approved under the Michigan Constitution. Bolt v. City of Lansing, 459 Mich. 152 (1998). Haines v. Kerner, 404 U.S. 519 (1972) (claimants proceeding without counsel are held to a lesser standard than those drafted by attorneys). This claim, however, cannot be brought in federal court, because it is a question of state law, not federal law.

To the extent Plaintiff makes federal claims arguing that the solid waste fee or the local property tax violates the United States Constitution's clause that requires uniformity of excise taxes, this claim cannot stand. The portion of the Constitution cited, Art. I §8 cl.1, was not intended to eliminate differences of taxes between ports in the same state, but rather discriminatory differences between one state and another. See Pennsylvania v. Wheeling & Belmont Bridge Co., 59 U.S. 421, 435 (1856).

The federal law cited cannot support Plaintiff's claim, and there is no basis for a federal court to decide the potential state law claim of action brought pursuant to Bolt. 459 Mich. 152 (1998). Therefore, I DISMISS this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

Date:  August 2, 2006                                        s/John Feikens
                                                             United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on August 2, 2006, by U.S. first class mail or electronic means.
>
>                         s/Carol Cohron
>                         Case Manager